# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No.: 1:24-cr-123 |
| v. ) | Judge Collier |
| ) | |
| GARRY LEBRON HAYES ) | |

## Sentencing Memorandum of the United States

The United States respectfully offers this Sentencing Memorandum to explain its position regarding the appropriate sentence in this case. The Presentence Investigation Report (PSR) lists defendant's advisory Guidelines range as 24-30 months and a criminal history category I. PSR ¶ 89.

The United States believes the factors set forth in 18 U.S.C. § 3553(a), demonstrate that the Court should impose a sentence within the advisory Guidelines range of 24-30 months.[1]

## Relevant Background

From March 2022—July 2024, defendant called United States congressional office phone lines and directed four separate telephonic threats to two sitting Members of Congress:

- On March 9, 2022, defendant called a U.S. Congresswoman's congressional office and, after the voicemail greeting identified the congressional office, directed the following voicemail to a U.S. Congresswoman: "**Hey [Congresswoman]. My name is Gary, G-A-R-R-Y, Hayes, H-A-Y-E-S. And I'm a little bit off. I'm a little bit taken back, but I'm from that area you are. And at any time that you feel like you want to do white nationalist shit, call my name, call my name. I'll come see you and your children, and we'll see how that ends up. Bitch!**" PSR ¶ 23(a).

- On December 9, 2022, defendant directed another voicemail to the same U.S. Congresswoman: "**Let me assure you of something. You trifling bitch. I'm a black man and I will meet you one day, bitch. And when I do, I want your**

---

[1] The United States intends to submit as promptly as possible substantive responses to defendant's motions for downward departure and downward variance filed on August 27, 2025.

kids there, cause I'm gonna beat your motherfucking ass in front of your children, bitch. Now come fuck with me. Come fuck with me. Have your husband there too, bitch." PSR ¶ 23(b).

- On January 1, 2024, defendant directed the following voicemail to a U.S. Senator, stating in relevant part: "Hey little [Senator] . . . You are a trifling, ugly, gay ass black man. You're not us. You're not us at all. You can look me up, Garry Hayes. I will slice your throat, motherfucker . . . This ain't a threat. This is a real promise." PSR ¶ 23(c).

- On July 2, 2024, defendant directed another voicemail to the same U.S. Congresswoman referenced above: "Chattanooga, I'm in Chattanooga. You got, you got to ask your kids to fucking finally kiss your ass, bitch. Imma kill your ass, Imma kill you, bitch." PSR ¶ 20.

## Discussion

As the Court is aware, the first step in sentencing a defendant post-*Booker* is to correctly calculate the Guidelines range and to recognize the advisory nature of that range. *Gall v. United States*, 552 U.S. 38, 51 (2007). Second, a sentencing court post-*Booker* is required to impose a sentence that is "sufficient but not greater than necessary," 18 U.S.C. § 3553(a), to "comport with the goals of criminal justice." *United States v. Denny*, 653 F.3d 415, 420 (6th Cir. 2011). To assist the Court in that task, § 3553(a) lists factors that should be considered before the imposition of sentence. *Id*.

More specifically, § 3553(a) requires consideration of the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). It also requires consideration of the "need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," as well as the need to "afford adequate deterrence to criminal conduct," the need to "protect the public from further crimes of the defendant," and the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(A)-(D). In this case, the United States asserts that consideration of those factors should lead the

Court to conclude that a sentence between 24-30 months comports with the goals of sentencing and the §3553(a) factors.

### A. Nature and circumstances of the offense and history and characteristics of the defendant

Looking to the § 3553(a) factors, and as summarized in the defendant's PSR and further discussed in the government's sealed response in opposition to defendant's PSR objections, the defendant knowingly and repeatedly called Members of Congress and directed violent threats to individual Members. Defendant has several years of prior military service as a lance corporal in the U.S. Marine Corps. PSR ¶ 85. Though defendant is criminal history category I, defendant has been convicted of evading arrest (PSR ¶ 53), and he has prior arrests for assault with bodily injury, battery, and assault. PSR ¶ ¶ 59, 60, 65, respectively.

### B. Need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to promote adequate deterrence, and protect the public

Through his sentencing pleadings, defendant appears to be repentant, now that after four separate threats he has been caught, prosecuted, and convicted for threatening the life of an elected official. His repeated criminal conduct demonstrates a need for his sentence to provide adequate specific and general deterrence. Contrary to his request, a sentence of time served or probation will not provide that needed deterrence. A sentence within the Guidelines range will provide adequate deterrence to defendant specifically, as well as deterrence generally to other similarly situated people who may consider making interstate threats to political leaders or public officials.

## Conclusion

A Guidelines sentence of 24-30 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, promotes adequate deterrence, and, critically, protects the public and public officials from this defendant.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: *s/ David P. Lewen, Jr.*
David P. Lewen, Jr. (AL Bar # 2658I68L)
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
865.545.4167
david.lewen@usdoj.gov